AO93 Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Arizona

X FILED ___ LODGED
___ RECEIVED ___ COPY
MAY - 3 2022
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_NW_____ DEPUTY

In the Matter of the Search of
A black Apple iPhone 12 Pro cellular telephone, serial number F17FR4EG0D80; and a Samsung cellular telephone Galaxy S10E, IMEI 352808102505310

Case No. 22-1699MB

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the District of Arizona:

**As further described in Attachment A.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal:

**As set forth in Attachment B.**

**YOU ARE COMMANDED** to execute this warrant on or before  5/17/2022  *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m. ☒ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>any United States Magistrate Judge on criminal duty in the District of Arizona</u>.

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized ☐ for ___ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 5/3/2022 at 2:28pm     _____
                                              *Judge's signature*

City and state: <u>Yuma, Arizona</u>     <u>Honorable James F. Metcalf, U.S. Magistrate Judge</u>
                                           *Printed name and title*

## ATTACHMENT A

*Property to be searched*

The property to be searched is a black Apple iPhone 12 Pro cellular telephone, serial number F17FR4EG0D80; and a Samsung cellular telephone Galaxy S10E, IMEI 352808102505310. The cellular telephones are currently located at the YRO office located at 7010 East 29th Street, Suite 104, Yuma, Arizona.

This warrant authorizes the forensic examination of the SUBJECT CELLULAR TELEPHONES for the purpose of identifying the electronically stored information described in Attachment B.

## **ATTACHMENT B**

*Property to be seized*

1.  Any records and information found within the digital contents of the SUBJECT CELLULAR TELEPHONES that relate to violations of 21 U.S.C. §§ 841, and 846, including:

    a. all information related to the sale, purchase, receipt, shipping, importation, transportation, transfer, possession, or use of drugs;

    b. all information related to buyers or sources of drugs (including names, addresses, telephone numbers, locations, or any other identifying information);

    c. all bank records, checks, credit card bills, account information, or other financial records;

    d. all information regarding the receipt, transfer, possession, transportation, or use of drug or;

    e. any information recording schedule or travel;

    f. evidence indicating the cellular telephone user's state of mind as it relates to the crime under investigation;

    g. contextual information necessary to understand the evidence described in this attachment.

2.  Any records and information found within the digital contents of the SUBJECT CELLULAR TELEPHONES showing who used or owned the device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "records" and "information" includes records of telephone calls; names, telephone numbers, usernames, or other identifiers saved in address books,

2

contacts lists and other directories; text messages and other stored communications; subscriber and device information; voicemails or other audio recordings; videos; photographs; e-mails; internet browsing history; calendars; to-do lists; contact information; mapping and GPS information; data from "apps," including stored communications; reminders, alerts and notes; and any other information in the stored memory or accessed by the electronic features of the cellular telephone.

3

AO 106 Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of Arizona

☒ FILED ☐ LODGED
☐ RECEIVED ☐ COPY

MAY - 3 2022

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

| In the Matter of the Search of | Case No. 22-1699 MB |
|---|---|
| A black iPhone 12 Pro with a Serial Number F17FR4EG0D80; and a Samsung cellular telephone Galaxy S10E, IMEI 352808102505310. | |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property:

**As further described in Attachment A**

located in the District of Arizona, there is now concealed:

**As set forth in Attachment B.**

The basis for the search under Fed. R. Crim. P. 41(c) is:
  ☒ evidence of a crime;
  ☒ contraband, fruits of crime, or other items illegally possessed;
  ☐ property designed for use, intended for use, or used in committing a crime;
  ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code/Section | Offense Description |
|---|---|
| 21 U.S.C. § 843 (b) | Use of a Communication Facility to Commit a Federal Drug Felony |
| 21 U.S.C. § 846 | Conspiracy to Possess with Intent to Distribute a Controlled Substance |
| 18 U.S.C. § 841 | Possession with Intent to Distribute a Controlled Substance |

The application is based on these facts:

**See attached Affidavit of Special Agent Toniann Venza**

☒ Continued on the attached sheet.
☐ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached

sheet. Reviewed by AUSA Tim Courchaine
T.C.

TONIANN VENZA  Digitally signed by TONIANN VENZA
               Date: 2022.05.03 12:27:33 -07'00'
*Applicant's Signature*

Toniann Venza, Drug Enforcement Administration
*Printed name and title*

Sworn to telephonically and signed electronically.

Date: 5/3/2022

City and state: Yuma, Arizona

*Judge's signature*

Honorable James F. Metcalf, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A

*Property to be searched*

The property to be searched is a black Apple iPhone 12 Pro cellular telephone, serial number F17FR4EG0D80; and a Samsung cellular telephone Galaxy S10E, IMEI 352808102505310. The cellular telephones are currently located at the YRO office located at 7010 East 29th Street, Suite 104, Yuma, Arizona.

This warrant authorizes the forensic examination of the SUBJECT CELLULAR TELEPHONES for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

*Property to be seized*

1. Any records and information found within the digital contents of the SUBJECT CELLULAR TELEPHONES that relate to violations of 21 U.S.C. §§ 841, and 846, including:

    a. all information related to the sale, purchase, receipt, shipping, importation, transportation, transfer, possession, or use of drugs;

    b. all information related to buyers or sources of drugs (including names, addresses, telephone numbers, locations, or any other identifying information);

    c. all bank records, checks, credit card bills, account information, or other financial records;

    d. all information regarding the receipt, transfer, possession, transportation, or use of drug or;

    e. any information recording schedule or travel;

    f. evidence indicating the cellular telephone user's state of mind as it relates to the crime under investigation;

    g. contextual information necessary to understand the evidence described in this attachment.

2. Any records and information found within the digital contents of the SUBJECT CELLULAR TELEPHONES showing who used or owned the device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "records" and "information" includes records of telephone calls; names, telephone numbers, usernames, or other identifiers saved in address books,

2

contacts lists and other directories; text messages and other stored communications; subscriber and device information; voicemails or other audio recordings; videos; photographs; e-mails; internet browsing history; calendars; to-do lists; contact information; mapping and GPS information; data from "apps," including stored communications; reminders, alerts and notes; and any other information in the stored memory or accessed by the electronic features of the cellular telephone.

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

Your Affiant, Toniann Venza, being first duly sworn, hereby deposes and states as follows:

### I. INTRODUCTION AND AGENT BACKGROUND

1. Your Affiant makes this Affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to examine the cellular telephones further described in Attachment A (hereafter "SUBJECT CELLULAR TELEPHONES"), and in order to extract the electronically stored information set forth in Attachment B, which represent evidence and/or instrumentalities of the criminal violations further described below.

2. Your Affiant is a Special Agent with the United States Department of Justice – Drug Enforcement Administration (DEA) an investigator/law enforcement officer of the United States within the meaning of Title 18, United States Code Section 2510(7) – an officer of the United States who is empowered by law to conduct investigations and make arrests for offenses enumerated in Title 18, United States Code Section 2516. Your Affiant has been employed with DEA since May of 2016. Your Affiant is currently assigned to DEA's Yuma Resident Office (YRO), a component of DEA's Phoenix Field Division. Specifically, your Affiant is assigned to Enforcement Group 56 (EG56) of the YRO and has been assigned to the group since November of 2016.

3. In preparation to become a DEA Special Agent, your Affiant completed a 16-week required training in Quantico, Virginia, upon beginning employment. During the 16-week training, your Affiant received instruction on federal laws relating to drug-related offenses and criminal investigations, drug identification, physical surveillance, undercover negotiations, electronic surveillance, and case preparation. Your Affiant also received training that focused on the transportation and distribution of controlled substances,

including the identification of packaging and distribution techniques used by persons involved in the transportation and distribution of controlled substances.

4. As a member of YRO EG56, your Affiant is responsible for investigating crimes that involve the unlawful importation of controlled substances, including methamphetamine, cocaine, heroin, marijuana, fentanyl, and the unlawful exportation of proceeds derived from the sale of controlled substances. YRO EG56 conducts investigations into violations of Title 21 and specializes in the detection, penetration, and dismantlement of Mexican Drug Trafficking Organizations (DTOs), often in coordination with the Federal Bureau of Investigation (FBI), United States Immigration and Customs Enforcement (ICE)/Homeland Security Investigations (HSI), United States Border Patrol (USBP), Customs and Border Protection (CBP), and state/local law enforcement personnel designated as Task Force Officers (TFOs). These investigations have culminated into the issuance of search warrants, arrests, and convictions.

5. By virtue of my employment as a Special Agent, your Affiant has performed various tasks, which include, but are not limited to:

   a. Functioning as a surveillance agent, thus observing and recording movements of persons trafficking in drugs and those suspected of trafficking in drugs;

   b. Interviewing confidential sources (CS) relative to the illegal trafficking of drugs and the distribution of monies and assets derived from the illegal trafficking of drugs (laundering of monetary instruments);

   c. Functioning as a case agent, entailing the supervision of specific investigation involving the trafficking of drugs and the laundering of monetary instruments.

6. In the course of conducting drug investigations, your Affiant has consulted with other experienced investigators concerning the practices of drug traffickers and the

best methods of investigating them. In preparing this affidavit, your Affiant has conferred with other Special Agents and other law enforcement officers, who share the opinions and conclusions stated herein. Furthermore, your Affiant has personal knowledge of the following facts or has learned them from the individual(s) mentioned herein.

7.  The statements contained in this Affidavit are based on information derived from your Affiant's personal knowledge, training and experience; information obtained from the knowledge and observations of other sworn law enforcement officers, either directly or indirectly through their reports or affidavits; and surveillance conducted by law enforcement officers.

8.  Because this Affidavit is being submitted for the limited purpose of establishing probable cause for the requested warrant, your Affiant has not set forth all of the relevant facts known to law enforcement officers.

## II. BASIS FOR PROBABLE CAUSE

9.  On April 23, 2022, at approximately 6:00 p.m., Alonso IBARRA-Lopez and Rebecca RAMIREZ-Rodriguez approached the United States Border Patrol Checkpoint located on Arizona State Route 95, at mile post 76 in Yuma, County, Yuma, Arizona, in a black Toyota Tacoma bearing Arizona license plate CKZ4457. IBARRA-Lopez was the driver and RAMIREZ-Rodriguez was the passenger. While in the pre-primary area of the inspection lane, Border Patrol Agent (BPA) Heather Dries received a positive alert to the Tacoma from her Canine Human and Narcotics Detection Dog (HDNCC). As the Tacoma approached the primary checkpoint area, the primary agent, BPA Jones, called out for the vehicle to stop. IBARRA-Lopez failed to stop and proceeded to drive past the primary area and exit the checkpoint.

10.  Border Patrol agents then conducted a vehicle stop of the Tacoma approximately 2 miles north of the checkpoint. During the encounter, Border Patrol agents noticed both IBARRA-Lopez and RAMIREZ-Rodriguez exhibit nervous behaviors.

IBARRA-Lopez and RAMIREZ-Rodriguez were brought back the checkpoint and placed in secondary inspection based on the pre-primary canine alert. Once back at the checkpoint, both IBARRA-Lopez and RAMIREZ-Rodriguez admitted to having user amounts of Marijuana in the Tacoma. When questioned about their travels that day, IBARRA-Lopez and RAMIREZ-Rodriguez stated that they were just driving around, or words to that effect. IBARRA-Lopez also stated that he did not have a valid driver's license, which is why he did not stop at the checkpoint.

11. During a search of the vehicle, Border Patrol agents found six vacuumed sealed packages containing a brick shaped items, two of which were located behind the rear passenger seats and four were found under the rear passenger seats. The total weight for the six packages was approximately 16.1 pounds. Border Patrol Agents also located a glass jar containing marijuana and a glass pipe.

12. Two of the six packages were field tested. The packages contained a white powdery substance, which based on my training and experience, your Affiant knows to be consistent with fentanyl powder. The packages field tested negative for cocaine, but tested positive for the characteristics of fentanyl. In my training and experience, that amount of fentanyl is consistent with distribution.

13. IBARRA-Lopez was read his Miranda rights by DEA investigators. IBARRA-Lopez waived his rights and agreed to be interviewed by the agents without the presence of an attorney. IBARRA-Lopez admitted to concealing six packages of drugs inside the Tacoma the day prior. He stated that he was responsible, and that his girlfriend RAMIREZ-Rodriguez was not aware of the presence of the drugs in the vehicle. When asked if IBARRA-Lopez knew the amount of drugs that were inside the vehicle, IBARRA-Lopez stated "they" told him it was six pounds. IBARRA-Lopez did not provide any further information with respect to where he obtained the drugs, who he obtained them from, or where he intended to take them.

14. RAMIREZ-Rodriguez was read her Miranda rights by DEA investigators. RAMIREZ-Rodriguez waived her rights and agreed to be interviewed by the agents without the presence of an attorney. RAMIREZ-Rodriguez denied knowledge about the drugs being located in the vehicle.

15. Investigators seized a Samsung cellphone (IMEI: 352808102505310) from IBARRA-Lopez and a black iPhone 12 Pro (Serial number: F17FR4EG0D80) from RAMIREZ-Rodriguez. Both IBARRA-Lopez and RAMIREZ-Rodriguez declined consent to search the SUBJECT CELLULAR TELEPHONES.

16. Based on your Affiant's training and experience, and understanding of this investigation, your Affiant believes that individuals who obtain and transport illicit drugs, like fentanyl, will often use cellular telephones, like the SUBJECT CELLULAR TELEPHONES, to contact sources of supplies, other couriers, or stash house operators, and that their telephones will often contain evidence of such illicit contact set forth in Attachment B. Thus, your Affiant believes there is probable cause the SUBJECT CELLULAR TELEPHONES will contain evidence of drug trafficking.

17. SUBJECT CELLULAR TELEPHONES are currently in storage at the YRO office located at 7101 East 29th Street, Suite 104, Yuma, Arizona.

### III. ITEMS TO BE SEIZED

18. Based upon the facts contained in this Affidavit, your Affiant submits there is probable cause to believe that the items listed in Attachment B will be found in the contents of the SUBJECT CELLULAR TELEPHONES.

19. Based on my training, education, and experience, and discussions with other trained law enforcement personnel, along with information provided by sources of information and confidential sources, your Affiant knows the following:

    a. Drug traffickers commonly use cellular telephones to communicate with other drug traffickers and customers about drug-related activities through the use of

telephone calls, text messages, email, chat rooms, social media, and other internet- and application-based communication forums. Moreover, drug traffickers commonly use other capabilities of cellular telephones to further their drug trafficking and money laundering activities. Therefore, evidence related to drug trafficking activity and money laundering activity is likely to be found on the SUBJECT CELLULAR TELEPHONES.

20. In addition to items which may constitute evidence and/or instrumentalities of the crimes set forth in this Affidavit, your Affiant also requests permission to seize any articles tending to establish the identity of persons who have dominion and control over the SUBJECT CELLULAR TELEPHONES.

IV. **DIGITAL EVIDENCE STORED WITHIN A CELLULAR TELEPHONE**

21. As described in Attachment B, this application seeks permission to search for records and information that might be found in the contents of the SUBJECT CELLULAR TELEPHONES. Thus, the warrant applied for would authorize the copying of electronically stored information under Rule 41(e)(2)(B).

22. *Probable cause.* Your Affiant submits that there is probable cause to believe records and information relevant to the criminal violations set forth in this Affidavit will be stored on the SUBJECT CELLULAR TELEPHONES for at least the following reasons:

    a. Your Affiant knows that when an individual uses a cellular telephone, the cellular telephone may serve both as an instrumentality for committing the crime and also as a storage medium for evidence of the crime. The cellular telephone is an instrumentality of the crime because it is used as a means of committing the criminal offense. The cellular telephone is also likely to be a storage medium for evidence of crime. From my training and experience, your Affiant believes that a cellular telephone used to commit a crime of this type may contain: data that is evidence of how the cellular telephone was used; data that was sent or received; notes as to how the criminal conduct was

6

achieved; records of Internet discussions about the crime; and other records that indicate the nature of the offense.

    b. Based on my knowledge, training, and experience, your Affiant knows that cellular telephones contain electronically stored data, including, but not limited to, records related to communications made to or from the cellular telephone, such as the associated telephone numbers or account identifiers, the dates and times of the communications, and the content of stored text messages, e-mails, and other communications; names and telephone numbers stored in electronic "address books;" photographs, videos, and audio files; stored dates, appointments, and other information on personal calendars; notes, documents, or text files; information that has been accessed and downloaded from the Internet; and global positioning system ("GPS") information.

    c. Based on my knowledge, training, and experience, your Affiant knows that electronic files or remnants of such files can be recovered months or even years after they have been downloaded onto a cellular telephone, deleted, or viewed via the Internet. Electronic files downloaded to a cellular telephone can be stored for years at little or no cost. Even when files have been deleted, they can be recovered months or years later using forensic tools. This is so because when a person "deletes" a file on a cellular telephone, the data contained in the file does not actually disappear; rather, that data remains on the cellular telephone until it is overwritten by new data.

    d. Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the cellular telephone that is not currently being used by an active file—for long periods of time before they are overwritten. In addition, a cellular telephone's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

  23. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronic files that might serve as direct evidence of

the crimes described on the warrant, but also for forensic electronic evidence that establishes how the cellular telephone was used, the purpose of the use, who used it, and when. There is probable cause to believe that this forensic electronic evidence will be found in the contents of the SUBJECT CELLULAR TELEPHONES because:

      a. Data in a cellular telephone can provide evidence of a file that was once in the contents of the cellular telephone but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

      b. As explained herein, information stored within a cellular telephone may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion. In my training and experience, information stored within electronic storage medium (e.g., registry information, communications, images and movies, transactional information, records of session times and durations, internet history, and anti-virus, spyware, and malware detection programs) can indicate who has used or controlled the cellular telephone. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. The existence or absence of anti-virus, spyware, and malware detection programs may indicate whether the cellular telephone was remotely accessed, thus inculpating or exculpating the owner. Further, activity on a cellular telephone can indicate how and when the cellular telephone was accessed or used. For example, as described herein, cellular telephones can contain information that log: session times and durations, activity associated with user accounts, electronic storage media that connected with the cellular telephone, and the IP addresses through which the cellular telephone accessed networks and the internet. Such information allows investigators to understand the chronological context of cellular telephone access, use, and events relating

to the crime under investigation. Additionally, some information stored within a cellular telephone may provide crucial evidence relating to the physical location of other evidence and the suspect. For example, images stored on a cellular telephone may both show a particular location and have geolocation information incorporated into its file data. Such file data typically also contains information indicating when the file or image was created. The geographic and timeline information described herein may either inculpate or exculpate the user of the cellular telephone. Last, information stored within a cellular telephone may provide relevant insight into the user's state of mind as it relates to the offense under investigation. For example, information within a computer may indicate the owner's motive and intent to commit a crime (e.g., internet searches indicating criminal planning), or consciousness of guilt (e.g., running a "wiping" program to destroy evidence on the computer or password protecting/encrypting such evidence in an effort to conceal it from law enforcement).

        c.     A person with appropriate familiarity with how a cellular telephone works can, after examining this forensic evidence in its proper context, draw conclusions about how the cellular telephone was used, the purpose of its use, who used it, and when.

        d.     The process of identifying the exact files, blocks, registry entries, logs, or other forms of forensic evidence on a cellular telephone that are necessary to draw an accurate conclusion is a dynamic process. While it is possible to specify in advance the records to be sought, cellular telephone evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on one cellular telephone is evidence may depend on other information stored on that or other storage media and the application of knowledge about how electronic storage media behave. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

   e. Further, in finding evidence of how a cellular telephone was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium. For example, the presence or absence of counter-forensic programs or anti-virus programs (and associated data) may be relevant to establishing the user's intent.

  24. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant your Affiant is applying for would permit imaging or otherwise copying the contents of the SUBJECT CELLULAR TELEPHONES, including the use of computer-assisted scans.

  25. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

///

///

///

## V. CONCLUSION

26. Your Affiant submits there is probable cause to believe that the items listed in Attachment B, which constitute evidence and/or instrumentalities of violations of 21 U.S.C. § 846 (Conspiracy to Possess with Intent to Distribute a Controlled Substance), and 21 U.S.C. § 841 (Possession with Intent to Distribute a Controlled Substance), are likely to be found in the contents of the SUBJECT CELLULAR TELEPHONES further described in Attachment A.

TONIANN VENZA
Digitally signed by TONIANN VENZA
Date: 2022.05.03 12:09:46 -07'00'

Special Agent Toniann Venza
Drug Enforcement Administration

Subscribed to electronically and sworn to telephonically this __3rd__ day of ~~April~~ May, 2022.

HONORABLE JAMES F. METCALF
United States Magistrate Judge

11